**In re Ross KEY, doing business as All Products Supply Company, Debtor.**

**Marvin J. DAHL, Christina Dahl, and Mel Dahl, Appellants,**

v.

**Ross KEY, doing business as All Products Supply Company, Appellee.**

**BAP No. KS–97–009.**
**Bankruptcy No. 96–13691.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 23, 1997.

738

Mel Dahl, Fall River, MA, for Appellants.

Steven L. Speth, Speth, King & Riedmiller, Wichita, KS, for Appellee.

Before BOHANON, BOULDEN, and MATHESON, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

Marvin J. Dahl, Christine Dahl, and Mel Dahl appeal the order of the United States Bankruptcy Court for the District of Kansas dismissing their involuntary petition brought against Ross Key.[1]

## THE STANDARD OF REVIEW

"For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988); *see* Fed. R. Bankr.P. 8013; *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1370 (10th Cir.1996); *Wade v. Hatcher (In re Hatcher),* 208 B.R. 959, 963 (10th Cir. BAP 1997). Key does not question any of the Bankruptcy Court's findings of fact and the only issues presented are solely questions of law. Accordingly, we review the Bankruptcy Court's decision *de novo* and reverse.

## FACTS

The Dahls, petitioners-appellants, brought an involuntary chapter 7 petition in the Bankruptcy Court against appellee Key on October 7, 1996 and the summons was issued on October 18. Rule 1011(b) of the Federal Rules of Bankruptcy Procedure provides that the response to an involuntary petition shall be filed and served within 20 days of service of the summons. The docket does not indicate when the summons was served but the Dahls state in their answer that the response was due on November 7.

On November 25, well out of time, Key filed an answer to the petition and on the following day he filed and served a motion for leave to answer out of time. The Dahls opposed this request and no order on the motion was entered.[2]

The Bankruptcy Court then noticed a hearing on the involuntary petition. Shortly before the trial date the clerk, at the Bankruptcy Court's direction, advised the Dahls that it appeared the petition did not allege sufficient facts. Apparently interpreting this communication to mean the Bankruptcy Court had already ruled on the petition the Dahls did not appear for the trial but, instead, they filed a "Motion for Judgment on the Papers" which the Bankruptcy Court, for an unexplained reason, treated as *Key's* motion to dismiss the *Dahls'* involuntary petition under Fed.R.Civ.P. 12(b)(6) (made applicable to involuntary petitions by Fed. R. Bankr.P. 1011(b)).

At the trial the Bankruptcy Court examined the petition and noted that it failed to allege that Key was not paying his debts as they came due. *See* 11 U.S.C. § 303(h)(1). Based on this finding the petition was dismissed pursuant to Rule 12(b)(6) Fed. R.Civ.P.

This appeal followed. On appeal, we are asked to consider whether the Bankruptcy Court erred in dismissing the Dahls' petition.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

2. We do not reach the issue whether or not a bankruptcy court has the power to enlarge the 20 days within which an answer must be filed, especially when the request is, itself, untimely.

## DISCUSSION

It appears to us the essential facts are that Key did not timely answer or bring a Rule 12 motion; the Bankruptcy Court has never acted on the untimely motion for leave to answer out of time; and it treated the Dahls' motion for judgment on the pleadings as Key's motion to dismiss the petition.[3]

Section 303 of Title 11, United States Code, states in the most plain language that "[i]f the petition is not timely controverted, the court *shall* order relief against the debtor." 11 U.S.C. § 303(h) (emphasis supplied). Rule 1013 of the Federal Rules of Bankruptcy Procedure also provides that "[i]f no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, *shall* enter an order for the relief requested in the petition." Fed. R. Bankr.P. 1013(b) (emphasis supplied).

Likewise, *Collier on Bankruptcy* provides:

The debtor ... must answer the involuntary petition in accordance with Federal Rule of Bankruptcy Procedure 1011(b). Importantly, section 303(h) provides that if a petition is not timely controverted, the order for relief will be entered. Federal Rule of Bankruptcy Procedure 1013(b) provides that if there is no responsive pleading filed within the limits established by Rule 1011, the court shall enter the order for relief on the next day or as soon thereafter as practicable. This suggests the import of speed in involuntary cases....

This means that if an answer is not timely filed, the party filing the answer may be estopped from contesting the involuntary petition at a later date.

2 *Collier on Bankruptcy* ¶ 303.10[3] (Lawrence P. King ed., 15th ed. rev.1997) (footnotes omitted).

Since Key did not respond or answer timely, on the 21st day after service of the summons it was the Bankruptcy Court's obligation to promptly enter the order for relief and it erred in dealing with the petition under Fed.R.Civ.P. 12(b)(6). When Key did not timely answer or move to dismiss the required procedure was to apply Fed. R. Bankr.P. 1013 and order the relief requested in the petition.

Accordingly, the decision of the Bankruptcy Court is reversed and remanded with directions to enter the order for relief.

---

3. The trial court cited *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522 (10th Cir.1992), for the proposition that "[a] motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." 971 F.2d at 528. Fed.R.Civ.P. 12(c) provides that any party may move for judgment on the pleadings, but such a motion is only treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(c) when raised as a defense. While the quotation from *Mock* is correct, the facts in *Mock* are not support for treating the Dahls' motion as a motion to dismiss the petition. In *Mock*, the plaintiffs claimed error in the district court's order that granted to the defendants partial judgment on the pleadings, not the reverse as applied by the Bankruptcy Court. *Mock*, 971 F.2d at 528.